# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PAUL DAELLENBACH,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-15-0318-I-2 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: October 19, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jordeana Daellenbach, Stoughton, Wisconsin, for the appellant.

Erin Buck Kaiser, Esquire, Milwaukee, Wisconsin, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective February 12, 2015, the agency removed the appellant from his Pipefitter Leader position with the agency's Veterans Affairs Medical Center in Madison, Wisconsin, based on two charges: (1) theft (11 specifications); and (2) lack of candor in an investigation (7 specifications). *Daellenbach v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-15-0318-I-1, Initial Appeal File (IAF), Tab 7 at 20. The appellant filed a Board appeal challenging his removal and requesting a hearing. IAF, Tab 1. Based on the appellant's unopposed motion, the administrative judge dismissed the appeal without prejudice to refiling during the pendency of his criminal proceeding that was based on the same conduct underlying the removal action. IAF, Tab 11 at 4, Tab 12, Initial Decision at 1-2.

¶3 The appellant pleaded guilty in the U.S. District Court for the Western District of Wisconsin to "Theft or Embezzlement of U.S. Property Valued at Less than $1,000, a Class A Misdemeanor" in violation of 18 U.S.C. § 641. *Daellenbach v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-15-0318-I-2, Appeal File (I-2 AF), Tab 15 at 4. The court entered a

judgment of guilty on August 25, 2015. *Id.* The appellant subsequently refiled his removal appeal. I-2 AF, Tab 1. Based on the court's judgment, the administrative judge found that the appellant was both collaterally and judicially estopped from contesting the theft charge in his removal appeal. I-2 AF, Tab 19. The appellant disputed the lack of candor charge and the reasonableness of the imposed penalty. I-2 AF, Tab 22 at 4-5. He also made claims of a violation of due process, harmful procedural error, and disparate penalties. I-2 AF, Tab 30 at 3-5, Tabs 44-45, Hearing Transcript (HT) at 341-43, 345-46 (closing argument of the appellant).

¶4 After holding a 2-day hearing, the administrative judge issued an initial decision that affirmed the appellant's removal. I-2 AF, Tab 47, Initial Decision (ID) at 1, 20. Specifically, she sustained both charges, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty of removal was within the bounds of reasonableness. ID at 3-12, 18-20. She further found that the appellant failed to prove the affirmative defenses of a violation of due process or harmful procedural error. ID at 13-18.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, PFR File, Tab 5, to which the appellant has replied, PFR File, Tab 8.[2]

---

[2] After filing the petition for review and reply, the appellant filed a motion for leave to file an additional pleading. PFR File, Tab 10. The Board's regulations provide for the following four types of pleadings on review: a petition for review; a cross petition for review; a response; and a reply to a response. 5 C.F.R. § 1201.114(a)(1)-(4). The Board will not accept any other pleading unless a party files a motion with and obtains leave from the Clerk of the Board to make such a filing. 5 C.F.R. § 1201.114(a)(5). That motion must describe the nature of and need for the pleading. *Id.* Here, we find that the appellant's general explanation in his motion, that he needs to submit new information relating to evidence already in the record or previously requested in this case, fails to adequately describe the nature of and need for an additional pleading. PFR File, Tab 10 at 4. Therefore, we deny the appellant's motion for leave to file an additional pleading. *See* 5 C.F.R. § 1201.114(a)(5); *see also* 5 C.F.R. § 1201.114(k) (providing that, once the record on review closes, no additional evidence or argument

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly sustained the theft charge.</u>

¶6    In his petition for review, the appellant does not dispute, and we find no reason to disturb, the administrative judge's finding that he is both collaterally and judicially estopped from disputing the theft charge because of his guilty plea and the district court's judgment.  ID at 3; I-2 AF, Tab 19; *see, e.g.*, *Raymond v. Department of the Army*, <u>34 M.S.P.R. 476</u>, 478, 481 (1987) (finding that the appellant's guilty plea conviction in a prior criminal proceeding collaterally estopped him from contesting the agency's charge of falsification of his travel voucher in his removal appeal); *see also Doe v. Department of Justice*, <u>123 M.S.P.R. 90</u>, ¶ 11 (2015) (identifying the following three factors that are generally relevant in determining whether judicial estoppel applies:  (1) a party's later position must be clearly inconsistent with the same party's prior position; (2) in the earlier proceeding, the party was successful in persuading the adjudicating body of its position, such that "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped") (quoting *New Hampshire v. Maine*, <u>532 U.S. 742</u>, 750-51 (2001)).

<u>The administrative judge properly sustained the lack of candor charge.</u>

¶7    The administrative judge sustained specifications A, C, E, and F of the lack of candor charge, and merged specification G into F.  ID at 5-12; *see Ludlum v. Department of Justice*, <u>278 F.3d 1280</u>, 1284 (Fed. Cir. 2002) (explaining that lack of candor "may involve a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and

will be accepted unless it is new and material and not readily available before the record closed).

complete"). Based on our review of the record, we agree with the administrative judge's finding that the agency proved the lack of candor charge. ID at 12; *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

¶8    On review, the appellant reasserts his challenge to the accuracy of the investigative report. PFR File, Tab 1 at 5-6; ID at 6-7. First, he claims that the date of his initial interview was June 24, 2014, not June 26, 2014, as described in the investigative report and in specifications A, C, and E. PFR File, Tab 1 at 5-6; IAF, Tab 7 at 23, 183. Next, he references a discrepancy between the date of a follow-up interview as written in the investigative report and the entry of investigator T.G. PFR File, Tab 1 at 5-6; I-2 AF, Tab 22 at 18; IAF, Tab 7 at 188. The administrative judge relied on the testimony of investigator M.C. in finding that the initial interview occurred on June 26, 2014. ID at 5; HT at 9 (testimony of investigator M.C.). Further, investigator T.G. testified that the date of the follow-up interview in his entry was an error and that the investigative report contained the accurate date. HT at 110-11, 113, 119 (testimony of investigator T.G.). Moreover, the administrative judge found that the discrepancies raised by the appellant failed to cast doubt on the accuracy of the agency's investigation. ID at 6-7. We agree and find that the appellant's arguments on review provide no reason to disturb the administrative judge's finding that the agency proved the lack of candor charge.

The appellant has failed to prove that the agency violated his due process rights by considering ex parte information.

¶9    The administrative judge addressed the appellant's argument that the agency violated his due process rights when it failed to provide him with all the materials it relied on in proposing and deciding his removal. ID at 13-15. The appellant specifically alleged that the agency failed to provide him with

information from the criminal investigation. ID at 13. The administrative judge relied on the deciding official's testimony that the agency compiled both a criminal file and a separate disciplinary file. *Id.*; HT at 149, 154 (testimony of the deciding official). The administrative judge characterized the deciding official's testimony as stating that her knowledge of the criminal file was limited to a three page summary of investigation that was forwarded to the U.S. Attorney's office. ID at 13; HT at 189, 226-27 (testimony of the deciding official); I-2 AF, Tab 22 at 15-17. The administrative judge reviewed the summary of investigation and determined that it contained no new or additional information from that of the disciplinary file. ID at 15. In addition, she found that the appellant failed to produce any evidence to contradict the deciding official's testimony that she only relied on information in the disciplinary file in deciding to remove him. *Id.*; HT at 227 (testimony of the deciding official). Thus, the administrative judge found that the appellant failed to prove a due process violation. ID at 15; *see Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 6 (2015) (stating that a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed).

¶10    In his petition for review, the appellant argues that the administrative judge mischaracterized the deciding official's testimony as stating that her knowledge of the criminal file was limited to the summary of investigation. PFR File, Tab 1 at 7-8, Tab 8 at 4; ID at 13. He claims that, in addition to reading the summary of investigation, the deciding official read the initial investigative report that was forwarded to the U.S. Attorney's office on July 24, 2014,[3] and the "criminal evidence file." PFR File, Tab 1 at 7-8, Tab 8 at 4; IAF, Tab 7 at 167. We find

_____

[3] The agency clarified during a telephonic status conference that the investigative report dated July 24, 2014, was an earlier draft of the report that the agency relied on in proposing the appellant's removal. I-2 AF, Tab 36 at 1. The final investigative report that was included in the disciplinary file was printed on September 28, 2014. IAF, Tab 7 at 159-227, Tab 8 at 5-13.

that the deciding official's testimony establishes that she received the initial investigative report and summary of investigation, and a "final" police report from which she created the disciplinary file with Human Resources (HR). HT at 150-51, 153-54, 186-87, 189-90, 226-27 (testimony of the deciding official). Although the disciplinary file included parts of the final investigative report, IAF, Tab 7 at 159-227, Tab 8 at 5-13, the then-Assistant Chief of HR testified that the disciplinary file only included evidence that was relevant to the charges in the appellant's proposed removal and omitted portions of the police report concerning criminal matters, HT at 311, 318-21 (testimony of the Assistant Chief of HR). Thus, we agree with the appellant that, in addition to the summary of investigation, the deciding official was aware of other information that was not included in the disciplinary file.[4]

¶11      However, a deciding official's knowledge of information only raises due process concerns when that knowledge is a basis for the deciding official's determinations on either the merits of the underlying charges or the penalty to be imposed. *Bennett v. Department of Justice*, 119 M.S.P.R. 685, ¶ 10 (2013). Here, as the administrative judge properly found, the appellant has failed to produce any evidence to contradict the deciding official's testimony that she relied only on information in the disciplinary file in deciding his removal. ID at 15; HT at 227 (testimony of the deciding official). Therefore, we find that he has failed to prove that the deciding official violated his due process rights by considering ex parte information. *See Villareal v. Bureau of Prisons*, 901 F.3d 1361, 1365-66 (Fed. Cir. 2018) (finding no due process violation, in part, because the deciding official did not rely on the ex parte information when making his

---

[4] Although we agree with the appellant that the administrative judge mischaracterized the deciding official's testimony, for the reasons discussed below, we find that such error does not provide a reason to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

decision on the removal). Although we find no due process violation, we still must determine whether the agency committed harmful procedural error. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1378 (Fed. Cir. 1999) (recognizing that public employees are "entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure which is in addition to the protections afforded by the Constitution").

The appellant has failed to prove that the agency committed harmful procedural error by considering ex parte information.

¶12   The administrative judge found that, even if the deciding official erred in considering the summary of investigation, such error did not likely cause her to reach a different conclusion regarding the appellant's removal because the summary contained no new or different information than that in the disciplinary file. ID at 15; *see Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991) (explaining that a procedural error is harmful if it likely had a harmful effect upon the outcome of the case); *see also* 5 C.F.R. § 1201.4(r). The appellant does not dispute this finding on review. Moreover, as discussed above, we find that the appellant has failed to prove that the deciding official erred by considering information outside of the disciplinary file in deciding his removal.

The appellant has failed to establish that the agency committed harmful procedural error by denying him an opportunity to respond to a report of contact.

¶13   The appellant reasserts that the agency denied him the opportunity to respond to a report of contact between the deciding official and a coworker. PFR File, Tab 1 at 8-9, Tab 8 at 6-7. The agency notified the appellant in a memorandum that the deciding official had been contacted by a coworker concerning his proposed removal, and that he had 7 days "from the day after [his] receipt" of the memorandum to reply. IAF, Tab 7 at 27-28. The appellant received the agency's memorandum on February 4, 2015, and he believed that he had until February 12, 2015, to reply. *Id.* at 27; HT at 304 (testimony of the appellant). However, he was removed on February 12, 2015. IAF, Tab 7 at 20.

To the extent the agency's memorandum is unclear as to when the reply was due, we find that any ambiguity was resolved during the appellant's conversation with HR officials.

¶14     The appellant testified that HR officials told him during a meeting that the earliest he could be removed was on February 13, 2015.  HT at 297-98, 303-04 (testimony of the appellant).  In contrast, the Assistant Chief of HR testified that the reply was due on February 11, 2015, and that HR officials did not tell the appellant during the meeting that the earliest he could be removed was on February 13, 2015; rather, according to the Assistant Chief of HR, the HR officials told the appellant that a decision would most likely be made by Friday, February 13.  HT at 315-16, 326 (testimony of the Assistant Chief of HR).  The administrative judge found the testimony of the Assistant Chief of HR more credible than the appellant's testimony.  ID at 17.  In making her credibility determination, she properly considered the relevant *Hillen* factors.[5]  ID at 16-17. The appellant presents no evidence or argument on review to undermine the testimony of the Assistant Chief of HR.  Thus, we agree with the administrative judge's finding that the due date for the appellant's response was February 11, 2015.[6]  ID at 17.

¶15     According to the report of contact setting forth the additional material that the deciding official received from the appellant's coworker, the coworker expressed concern that, if the agency removed the appellant, it would "create a big problem for the hospital," as the appellant knew the pipe systems and a major project was scheduled for the next year.  IAF, Tab 7 at 28.  The administrative judge found that, even if the appellant was denied an opportunity to respond to

---

[5] In *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the Board set forth factors that an administrative judge must consider when making a credibility determination.

[6] The administrative judge made a typographical error in finding that the appellant's response to the report of contact was due by February 11, 2014.

the new material, it was "difficult to comprehend how not responding to favorable information was in any way detrimental to the appellant." ID at 17. We agree with the administrative judge's assessment that the appellant failed to prove that the agency's failure to consider the response to the report of contact was harmful.[7] ID at 17-18; *see Stephen*, 47 M.S.P.R. at 681 (explaining that a procedural error is harmful if it likely had a harmful effect upon the outcome of the case).

The administrative judge properly found that the agency established nexus and the reasonableness of the penalty.

¶16     When, as here, the Board has sustained all of the agency's charges, the Board will review an agency-imposed penalty only to determine if the agency considered the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness. *Holland v. Department of Defense*, 83 M.S.P.R. 317, ¶ 9 (1999); *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct). The Board will modify the agency's chosen penalty only if it finds that the agency failed to weigh the relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306.

¶17     Here, the decision letter and the *Douglas* factors memorandum show that the deciding official considered the relevant factors, including the nature and seriousness of the appellant's misconduct. IAF, Tab 7 at 24, 82-86. The deciding

---

[7] For the first time on review, the appellant alleges that the agency violated his due process rights by denying him an opportunity to reply to the report of contact. PFR File, Tab 1 at 8-9. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Therefore, the Board need not consider this argument further. However, we note that favorable information about an employee is not the type of communication likely to result in undue pressure upon the deciding official to rule against the employee. *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011); *Stone*, 179 F.3d at 1377.

official also considered the appellant's years of service, lack of any prior disciplinary action, and exemplary work performance, but concluded that his misconduct was of such gravity that the penalty of removal was appropriate and within the range of reasonableness. *Id.* at 24, 83-85.

¶18    In assessing the reasonableness of the penalty, the administrative judge found that the agency properly considered the relevant factors in deciding that a removal was appropriate. ID at 20. In making this finding, the administrative judge relied on the deciding official's testimony that she considered the nature of the appellant's misconduct to be very serious because it involved criminal activity and that she would have removed him based on the theft charge alone. ID at 19; HT at 161, 171 (testimony of the deciding official). The administrative judge noted that the deciding official testified that two other employees who were involved in the same incidents of theft were also removed. ID at 19; HT at 163 (testimony of the deciding official). The administrative judge further found that the agency proved that the appellant was on notice that taking scrap metal for his personal benefit was not authorized under agency policies. ID at 20.

¶19    On review, the appellant challenges the administrative judge's finding that he was on notice that his conduct violated agency policies, and he reasserts his disparate penalties claim. PFR File, Tab 1 at 9-12, Tab 8 at 7-8. In a written statement, the appellant acknowledged that, around summer 2007, the agency's policy was to place scrap metal in bins for pickup by vendors. IAF, Tab 8 at 48, 50. Thus, we agree with the administrative judge's finding that the appellant was on notice that his misconduct was unauthorized under agency policies. ID at 20. Next, we find that the appellant has failed to establish disparate penalties. The record and hearing testimony establish that the two other employees who were involved in the same underlying misconduct as the appellant were also removed,

but none of the other proffered comparators were charged with theft.[8]  I-2 AF, Tab 23 at 25; HT at 163 (testimony of the deciding official), 317 (testimony of the Assistant Chief of HR).  For these reasons, we agree with the administrative judge's finding that the agency proved that it considered the relevant factors and that removal was within tolerable limits of reasonableness.  ID at 20.

¶20  Finally, the appellant does not dispute, and we find no reason to disturb, the administrative judge's finding that the agency established nexus between the appellant's misconduct and the efficiency of the service.  ID at 18; *see Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding that there was a sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred, in part, at work); *see also Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000) (finding that the employee's lack of candor directly impacted the efficiency of the service), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002).

The appellant's remaining arguments and submissions on review do not provide a reason to disturb the initial decision.

¶21  On review, the appellant has submitted emails sent in March 2016 regarding his request for audio recordings of interviews conducted during the investigation, portions of a 2011 collective bargaining agreement, and evidence from the record below.  PFR File, Tab 1 at 14-36; I-2 AF, Tab 23 at 14-29.  We need not consider

---

[8] The appellant's submission on comparators represents that, of the two other employees who were charged with theft, one entered into a last chance agreement and one did not appeal his removal.  I-2 AF, Tab 31 at 5; *see Dick v. U.S. Postal Service*, 52 M.S.P.R. 322, 325 (stating that when "another employee receives a lesser penalty, despite apparent similarities in circumstances, as the result of a settlement agreement, the agency will not be required to explain the different treatment"), *aff'd*, 975 F.2d 869 (Fed. Cir. 1992) (Table).  Our decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14, issued after the initial decision in this appeal, clarifies that the relevant inquiry for assessing a claim of disparate penalties when weighing the reasonableness of a penalty is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently.  There is no evidence in the record to indicate that the agency did so in this case.  Thus, any subsequent change in the case law does not provide a reason to disturb the conclusions of the initial decision.

these submissions because they do not constitute new evidence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence); *see also Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 6 (2001) (explaining that, when a hearing is held in a Board appeal, the record in the case ordinarily closes at the conclusion of the hearing).

¶22    For the following reasons, we find that the appellant's submission on review of his June and July 2016 requests for further information concerning the agency's investigation does not warrant a different outcome from that of the initial decision.  PFR File, Tab 1 at 37-41; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶23    The appellant claims on review that the agency's failure to provide him with evidence concerning its investigation that he requested through the discovery process and the Freedom of Information Act (FOIA) hindered his ability to meet his burden in this appeal.  PFR File, Tab 1 at 4-8, 12, Tab 8 at 4, 7-8. Specifically, he alleges that the agency failed to provide him with audio recordings of the investigatory interviews, additional information on comparators, and the initial investigative report dated July 24, 2014.  *Id.*

¶24    First, the appellant's failure to file a motion to compel discovery of audio recordings of the investigatory interviews below precludes him from raising this discovery issue for the first time on review.  *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).  For the same reason, he is precluded from raising a discovery issue regarding further information on comparators.  Next, although the appellant

claims that he never received the investigative report dated July 24, 2014, after he requested its production, PFR File, Tab 1 at 7, Tab 8 at 4; I-2 AF, Tab 34 at 4, he has failed to show that the administrative judge abused her discretion in denying his motion to compel, I-2 AF, Tab 36 at 1; *see Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014) (explaining that the Board will not reverse an administrative judge's rulings on discovery matters, including a motion to compel, absent an abuse of discretion).  Finally, the Board lacks jurisdiction to adjudicate the agency's alleged failure to comply with his FOIA requests.  *See Cortright v. Department of Transportation*, 37 M.S.P.R. 565, 570 (1988); *see also* 5 U.S.C. § 552(a)(4)(B) (granting U.S. district courts jurisdiction to decide disputes over an agency's compliance with FOIA).

¶25      Accordingly, we find that the administrative judge properly affirmed the appellant's removal.[9]

## NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

[9] To the extent the appellant is asserting the agency's violation of the collective bargaining agreement, we decline to consider such argument further because he has raised it for the first time on review and has failed to show that it is based on new and material evidence. PFR File, Tab 1 at 7-8; *see Banks*, 4 M.S.P.R. at 271.

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[11]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                        _____

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.